OPINION AND ORDER
DON OWEN COSTELLO, Chief Judge.
Mr. Metcalf appeals the October 29, 2008 administrative decision of the Coq-uiile Indian Tribe Election Board (Election Board) denying his challenge to the October 2008 Tribal election results. The court exercises appellate jurisdiction pursuant to CITC Chapter 194.160(4)(C) as amended August 6, 2008 and affirms.[1]
“The court shall apply the standard of ‘arbitrary and capricious’ in its evaluation of a decision of the Election Board appealed under this section.” CITC 194.160(4)(C). “Arbitrary” means “ ‘dependent on will or pleasure * * * unrestrained in the exereise of will or authority ” and “capricious” means “ ‘readily swayed by whim or fancy, inconstant’ ”. Shorter Oxford English Dictionary (Fifth Edition) on CD-Rom, Version 2.0. The court is to interpret the term “arbitrary *26 and capricious” narrowly without substituting its judgment for that of the Election Board. Humane Society of the United States v. Gutierrez, 558 F.3d 896 (9th Cir.). The Election Board decision that is the subject of this appeal is attached as Appendix A. It and the processes it describes comport with the Tribe’s law it cites. Excluding the referendum petition from the Tribal mailing of Mr. Metcalfs candidacy materials was not “dependent on will or pleasure”, “unrestrained” or “fancy”. To the contrary, it was reasoned. It complied with Tribal constitutional provisions creating one procedure for referendum, Const. Art. IV § 2, and another for election. Const. Art. V. Not all voters who would support a legislative referendum would necessarily vote for Mr. Metcalf for Tribal Council, and vice versa. The October 2008 election was for the election of Tribal Council officers and not for referendum. It would have been folly not to have excluded the referendum materials from the Tribal election mailing.
Mr. Metcalf admits, “I do not question the legality of the actions taken.” July 19, 2009 Brief at 3. Nonetheless, he asks this court to overturn Election Board’s decision. He does so not on the basis of the law, but in accordance with his personal views on what is “right”. Id. at 3. The court declines to do so.
For the above-stated reasons, the court affirms Election Board’s October 29, 2008 decision denying Mr. Metcalfs challenge to the October 2008 Tribal election.
IT IS SO ORDERED.
APPENDIX A TO OPINION AND ORDER

Election Board Response to Challenge to Election Results Filed by Brady Metcalf

On October 29, 2008, at 10:45 a.m., the Election Board, consisting of Linda Robertson, Jonathon Ivy, and Julie Chou-quette, met to consider the written challenge to the 2008 Election results filed by Brady Metcalf and received by the Election Board on October 28, 2008. Alternate Toni Robbins was also present.
The written complaint is attached. A summary of the complaint is as follows:
Appellant argues that the implementation of Election Rule 08-01 midway through the 2008 election was prejudicial to the results of the 2008 election, and negatively affected the appellant’s campaign.
Election Rule 08-01 states the following:
Each candidate for election is entitled to submit materials for the Voter Information Pamphlet that is mailed to all General Council Members. The materials submitted may include a resume and cover letter. Each candidate shall be limited to a total submission of four pages in a minimum of ten point font. The Election Board reserves the right to determine the appropriateness of materials submitted.

Findings of Election Board

1. The Election Board, pursuant to Coquille Indian Tribal Code Chapter 194, has the authority to make and enforce such rules as they find necessary to provide for fair and efficient elections under this ordinance. Rules promulgated by the Election Board shall be in writing and shall be adopted by a majority vote of the Board. These rules must then be submitted to the Tribal Council along with a written explanation for the need of the rule. The Tribal Council may choose to use this information for the purpose of amending *27 this ordinance to include that rule. CITC 194.120(6).
2. The Election Board passed Election Rule 08-01 on September 10, 2008.
3. Election Rule 08-01 was presented to Tribal Council on September 11, 2008, as required by the Elections Ordinance, Coquille Indian Tribal Code Chapter 194.
4. Election Rule 08-01 was applied evenhandedly to all candidates running for Tribal Council office in 2008.
5 Brady Metcalf submitted materials for the Tribal Voter Information Pamphlet that were excluded by Election Rule 08-01. Mr. Metcalf had included a Referendum Petition in his election materials. The Referendum Petition was excluded from the Voter Information Packet, on the decision of the Election Board that a referendum effort and an election campaign were separate issues, and could not be combined in the Voter Information Pamphlet.
6. All candidates for office were provided with a directory. Candidates were required to sign a notarized oath stating that they would use the list of General Council names, addresses, and phone numbers (a) use the directory exclusively for the purpose of that year’s campaign for Tribal Council, (b) will make no copies of the directory, and (c) will destroy the directory immediately after conclusion of the election.
7. Mr. Metcalfs signed oath was not received prior to his receipt of his directory. Mr. Metcalf did return his signed oath, but it was not notarized.
8. Mr. Metcalf mailed his Referendum Petition, which was excluded from the Voter Information Packet, on at least one occasion using the addresses provided by the Election Board under Finding 6 above.

Conclusions of Election Board

1. The exclusion of Mr. Metcalfs petition from the Voter’s Information Packet did not prejudice the results of the 2008 Election. Mr. Metcalf provided his excluded campaign materials to the voters, but at his own expense.
2. Mr. Metcalfs request for a new election is hereby DENIED.
Signed by:
/s/Jonathon Ivy Jonathon Ivy, Election Board Chair
/s/Julie Chouquette Julie Chouquette, Election Board Member
/s/Linda Robertson Linda Robertson, Election Board Member

. For a discussion of the procedural history relevant to this appeal, see Metcalf v. Coquille Indian Tribal Council, et al., Coquille Indian Tribal Court C08-06, 2009 WL 634S767, 9 Am. Tribal Law 1, June 18, 2009 Order Dismissing Complaint with Prejudice and Allowing Filing of Notice of Appeal from Election Board Decision; and see Metcalf, supra, June 18, 2009 Opinion. For the reasons set forth in the Opinion, supra, 9 Am. Tribal Law at 11-12, the effective date of the filing of this appeal is October 30, 2006.